STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

KEVIN RUBINO (CABN 255677)
Assistant United States Attorney

      450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
      Telephone: (415) 436-7234
      FAX: (415) 436-7291
      Kevin.Rubino@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 20-CR-00479 EMC |
| Plaintiff, | **MOTION TO QUASH SUBPOENA OF GABRIEL ALCARAZ,  TASK FORCE OFFICER WITH ALCOHOL TOBACCO & FIREARMS** |
| v. | |
| DARRIOUS YORK, | |
| Defendant. | |

1    The United States hereby moves to quash the subpoena served by the defendant yesterday on

2    Gabriel Alcaraz, Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives

3    (ATF), because the defense has failed to comply with the *Touhy* regulations.

4    **I.    INTRODUCTION**

5    The purpose of tomorrow's evidentiary hearing, as described by the Court, is to evaluate whether

6    the defendant Darrious York took his gun in his hand as he ran from the police on the night of his arrest.

7    Less than 48 hours before the evidentiary hearing, the defendant Darrious York subpoenaed ATF Task

8    Force Officer Gabriel Alcaraz to testify.  Officer Alcaraz was not present on the night of the arrest, and

9    he has no first-hand knowledge regarding the issue before the Court.  Officer Alcaraz is also an officer

10   with an agency of the Department of Justice, the ATF, and he was working in that capacity on this case.

11   As a result, to compel his testimony, the defendant was required to comply with the *Touhy* regulations,

12   which he has not even attempted to do.

13   **II.    LEGAL BACKGROUND**

14   The *Touhy* regulations require a party seeking information from a Department of Justice

15   component, such as ATF, to summarize precisely the information requested and to state with

16   particularity why it is relevant to the case.  28 C.F.R. § 16.23(c).  The *Touhy* regulations are an absolute

17   condition precedent to obtaining information by subpoena from the DOJ, and the regulation must be

18   satisfied before DOJ may provide information responsive to a subpoena.  *See In re Boeh,* 25 F.3d 761,

19   766 (9th Cir. 1994); *United States v. Bizzard,* 674 F.2d 1382 (11th Cir.), *cert. denied,* 459 U.S. 973

20   (1982); *United States v. Allen,* 554 F.2d 398 (10th Cir.), *cert. denied,* 434 U.S. 836 (1977).

21   The purpose of the *Touhy* regulations was summarized in *United States v. Marino,* 658 F.2d

22   1120 (6th Cir. 1980), where a court denied a defendant access to government witnesses because he

23   failed to comply with the regulations:

24       The Department of Justice has a legitimate interest in regulating access to government
         information contained in its files or obtained by its employees during the scope of their

25       official duties. Without a procedure governing demands by potential litigants, the
         efficiency of the Department could be greatly impaired.

26

27   *Id.* at 1125.  As was the case in *Marino,* failing to comply with these regulations will sustain a motion to

28   quash.

MOTION TO QUASH SUPBOENA OF GABRIEL ALCARAZ
Case No. 20-CR-00479 EMC                                                                    v. 7/10/2018

III.  **ARGUMENT**

Mr. York has provided the government with nothing which summarizes the relevance or materiality of the testimony that he seeks to elicit from Officer Alcaraz.  Indeed, the government received no notice that the defendant intended to call Officer Alcaraz to testify until yesterday, despite that this evidentiary hearing was scheduled three weeks ago.  Without such a summary from the defense, the government lacks sufficient information to authorize, or even evaluate, the disclosure requested. The subpoena should therefore be quashed.

By failing to comply with the *Touhy* regulations, the defense is trying to avoid their obligation to identify the information they are seeking from Officer Alcaraz.  Because he has no relevant first-hand knowledge of the issue before the Court, the government suspects that he was actually subpoenaed so that the defendant could attempt to elicit testimony about the process used by the U.S. Attorney's Office to identify and pursue potential firearm prosecutions.  Indeed, the proposed exhibit list that the defendant provided yesterday strongly supports this theory.  It includes pages and pages of correspondence between Officer Alcaraz and various other members of law enforcement, including the U.S. Attorney's Office and the San Francisco District Attorney's Office—none of which has anything to do with the details of Mr. York's arrest or the way in which he was carrying his firearm on the night of his arrest.

The Court has already ruled that an inquiry into the process used by the government to identify cases for prosecution raises separate of powers concerns and should not be a part of the sentencing analysis.  Dkt. 77 at 2–3.  The Court should not allow the defense to side-step this ruling by questioning Officer Alcaraz about the process by which Mr. York was identified for prosecution.  This issue has nothing to do with the question before the Court in this evidentiary hearing, and it invades the government's decision-making and impinges on its prosecutorial discretion.

MOTION TO QUASH SUPBOENA OF GABRIEL ALCARAZ
Case No. 20-CR-00479 EMC                                    v. 7/10/2018

1  | **IV.**     <u>**CONCLUSION**</u>

2  |      For the foregoing reasons, the subpoena of Officer Alcaraz should be quashed.

3

4  | DATED: July 21, 2021                     Respectfully submitted,

5  |                                       STEPHANIE M. HINDS

6  |                                       Acting United States Attorney

7

8  |                                       <u>*/s/ Kevin Rubino*</u>

KEVIN RUBINO

9  |                                       Assistant United States Attorney