PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

DAVID J. WARD (CABN 239504)
Assistant United States Attorney

     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     Telephone: (415) 436-7200
     FAX: (415) 436-7230
     david.ward@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 20-00479 EMC |
| Plaintiff, | **UNITED STATES' MOTION FOR DETENTION** |
| v. | Hearing Date: May 19, 2025 |
| DARRIOUS YORK, | Time: 10:30 a.m. |
| Defendant. | Courtroom: Hon. Alex G. Tse |

Defendant Darrious York is a career criminal, with 10 prior felony convictions, over 30 arrests, and a history of involvement with the criminal Big Block gang. He comes before the Court on a supervised release violation after being arrested in possession of a firearm – a stolen Glock .40 caliber with an extended magazine – less than one month after completing a 42-month prison sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The vehicle he was arrested in was suspected of involvement in a shooting three days prior to his arrest. The defendant cannot meet his burden to show that he is not a flight risk or danger to the community, and thus, he should be detained.

I.    BACKGROUND

Defendant York was arrested by Pleasonton police on December 23, 2023.  *See Dkt. 96* (Petition for Warrant for Person Under Supervision).  According to the police report, officers were surveilling the vehicle, which had been linked to a still-unsolved shooting and homicide three days earlier.  *Id.*  Officers saw defendant York, the driver of the vehicle, and when he was approached and and the vehicle were searched, officers found a loaded, stolen, Glock .40 caliber pistol with an extended magazine in the vehicle.  *Id.*  Officers also found methamphetamine in defendant's possession.  *Id.*  York had begun supervision only 24 days earlier, on November 30, 2023.  *Id.*

Defendant York's instant violation is just the latest in a a 27-year history of crime that includes three prior felon in possession convictions, along with seven felony convictions for drug trafficking.  *See* Probation Presentence Report (March 3, 2021).  Defendant's crimes include a 2014 conviction in which he admitted to shooting another individual, but claimed self-defense.  *Dkt. 49* (United States Sentencing Memorandum).  York was acquitted of murder charges but convicted of being a felon in possession in violation of Cal. P.C. Sec. 20800(a)(1).  *PSR* ¶ 48.  In 2018, he was convicted of felon in possession in violation of Cal. P.C. Sec. 20800(a)(1) after initially evading police.  *PSR* ¶ 49.  When York was arrested, officers recovered a Glock handgun with a 22-round magazine, and found in the vehicle York was driving baggies of black tar heroin.  *Id.*  According to the Sentencing Memorandum filed in conjunction with his 2021 shooting, Mr. York is a member of the deadly Big Block gang.  *Dkt. 49.*

Defendant York is on supervised release after serving 42 months after pleading guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  In that case, York was observed by officers on a sidewalk in the Bayview neighborhood talking to another individual, and officers heard the words "gun" and "I want to buy."  *Dkt. 49.*  When York spotted the officers, he fled, pulling a loaded Smith & Wesson from a holster.  *Id.*  He stumbled, dropping the gun, and was tackled and arrested.  *Id.*

Defendant York's criminal career began in 1998, when he was 18 years old.  He was convicted that year alone of three misdemeanors and one felony offense. *See PSR* ¶ 35, 36, 37, 38.  He was convicted of a second felony a year later, grand theft from a person.  *Id.* ¶ 39.  Since that time, and throughout his adult life, York has been arrested, but not convicted, at least 30 additional times.  *PSR*

¶¶ 54-85.  Defendant admitted prior to his sentencing in 2021, that he used heroin and methamphetamine regularly.  *PSR ¶* 112, 113.  Defendant York has been unemployed his entire life. *PSR ¶* 119.

II.    ARGUMENT

For a violation of supervised release, the defendant bears the burden of establishing that he is neither a risk of flight nor a danger to the community.  *Fed. R. Crim P. 32.1* ("the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person.").

Defendant York cannot meet his burden.  The fact that he was arrested in possession of a loaded firearm, in a vehicle linked to a homicide, less than one month after being released from prison demonstrates clearly that he has neither been deterred by his past convictions, nor demonstrated that he has been rehabilitated.  Most troubling, defendant York's possession of a weapon, and links to a car suspected of involvement in a homicide three days earlier are strong indicators that defendant York appears to have returned to the patterns of his prior criminal life.

Mr. York may benefit from drug treatment and counseling at New Bridge, and from the direction and oversight of U.S. Probation, and some point he should be given that opportunity.  But his actions demonstrate that at this time he remains a danger to the community and a risk of flight.  The government respectfully ask the Court to order Mr. York remain detained.

Dated: May 18, 2025

PATRICK D. ROBBINS
Acting United States Attorney


 /s/ *David J. Ward*
DAVID J. WARD
Assistant United States Attorney

3