JODI LINKER
Federal Public Defender
Northern District of California
TAYLOR FATHERREE
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:   (415) 436-7700
Facsimile:   (415) 436-7706
Email:       Taylor_Fatherree@fd.org


Counsel for Darrious YORK


IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION


| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARRIOUS YORK,<br><br>Defendant. | **Case No.:** CR 20-479-1 EMC<br><br>**DEFENSE SENTENCING MEMORANDUM**<br><br>**Court:**          Courtroom 5, 17th Floor<br>**Hearing Date:**  October 23, 2025<br>**Hearing Time:**  9:00 a.m. |

DEF. SENT. MEMO
*YORK*, CR 20–479-1 EMC

1

**INTRODUCTION**

Mr. York is before this Court after admitting to violating his supervised release conditions. The sole basis for this violation is Mr. York's arrest for being a felon in possession of a firearm on December 23, 2023. Mr. York has been in continuous custody since that date and served approximately 16 months in state custody for illegally possessing the weapon.

Mr. York took an early opportunity to admit to the violation and the parties now jointly recommend a sentence of 15 months. Probation supports this recommendation. Mr. York is a 44-year-old man that is ready to change his life. He owns the mistake he made in December 2023 by possessing a gun. There is no allegation that he used that gun, and he does not have a violent history. He is motivated to participate in treatment upon release and hopes to be a part of his son's life.

**ARGUMENT**

**I.    A sentence of 15 months is appropriate given Mr. York's state sentence and personal history.**

The United States Sentencing Commission has explicitly rejected focusing primarily on the conduct that led to a supervised release violation when sentencing, as if the court were sentencing new federal criminal conduct. Instead, the Commission advises that courts should "sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." United States Sentencing Guidelines, §7A3(b). The Commission also notes that the purpose of supervised release is to integrate a person back into the community while providing supervision to limit criminal conduct. *Id*. at §7A4.

The advisory Guideline range for Mr. York's Grade A violation, with a criminal history category of VI, is 33-41 months. § 7B1.4(a). Mr. York served approximately 16 months in state custody for the same conduct underlying the violation before being brought into federal custody.

**A.    The nature of Mr. York's violation.**

On December 23, 2023, Mr. York was arrested on a *Ramey* warrant. During that arrest, a firearm was found in the vehicle Mr. York was in. Mr. York was prosecuted in San Francisco for that offense and pled guilty to illegally possessing the weapon February 28, 2025. On April 22, 2025 he was sentenced to two years, credited for time served, and subsequently released to federal custody. He served an actual sentence of approximately 16 months.

DEF. SENT. MEMO
*YORK*, CR 20–479-1 EMC

Mr. York takes full responsibility for his conduct. The joint recommendation recognizes the seriousness of gun possession while also taking to account the time he served in state custody. It also allows him a chance to reintegrate into society in the future under supervision.

**B.      Mr. York's personal history.**

Mr. York has faced enormous difficulties in his life and is motivated to get the help he needs. He was born to drug-addicted parents and had a traumatic childhood. *See* Dkt. No. 44, PSR ¶¶ 87-91. At eight years old, he found his stepmother dead in the home. *Id*. at ¶ 94. Mr. York developed his own addictions and became involved with the criminal system at a young age. He has Sarcoidosis of the lungs and 60% breathing capacity, increasing the difficulty of his being in jail. *Id*. at ¶ 105.

Despite struggling with substance abuse for much of his life, Mr. York has never been to a treatment program. He hopes to live a sober life upon release, and is especially motivated to have presence in his young son's life. To this end, Mr. York has taken parenting classes while at the Santa Rita Jail.

**CONCLUSION**

For the above reasons, Mr. York requests that the Court sentence him to 15 months custody followed by a period of supervised release.

Dated:      October 15, 2025                    Respectfully submitted,

                                               JODI LINKER
                                               Federal Public Defender
                                               Northern District of California

                                                 /S/
                                               TAYLOR FATHERREE
                                               Assistant Federal Public Defender

DEF. SENT. MEMO
*YORK*, CR 20–479-1 EMC

3