CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

DAVID J. WARD (CABN 239504)
Assistant United States Attorney

     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     Telephone: (415) 436-7200
     Fax: (415) 436-7230
     david.ward@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 20-CR-0479 EMC |
|    Plaintiff, | ) |
| | ) **UNITED STATES' SENTENCING** |
|   v. | ) **MEMORANDUM** |
| | ) |
| DARRIOUS YORK, | ) Sentencing Date: October 23, 2025 |
| | ) Time: 9:00 a.m. |
|    Defendant. | ) Courtroom: Hon. Edward M. Chen |
| | ) |
| | ) |

Defendant Darrious York comes before the Court for sentencing after admitting to possessing a firearm in violation of two of the terms of his supervised release. Mr. York has already served 16 months in state custody for this conduct. Given that, along with his prompt admission to the violations alleged in the Form 12, the parties jointly recommend that this Court impose a sentence of 15 months in federal custody followed by a term of supervised release of 21 months.

Defendant York was arrested on December 23, 2023, after police officers found a stolen Glock .40 caliber with an extended magazine in a vehicle York was in. *See Dkt. 96* (Petition for Warrant for Person Under Supervision). In addition to the arrest and states charges, the incident led to the filing of a Form 12 alleging York violated two conditions of his supervised release; 1) that he not be in possession

of a firearm, and; 2) that he not commit another federal, state or local crime. *See Dkt. 96.*  After his arrest, York pled guilty to illegally possessing the firearm, and was sentenced to two years imprisonment.  In April 2025, after Mr. York had served 16 months in state custody, he was released and transferred into federal custody.  York made his initial appearance before the Honorable U.S. Magistrate Judge Alex G. Tse on May 5, 2025. *Dkt. 101.*  He waived a detention hearing, and, at the second appearance before this Court, admitted to the conduct in the Form 12. *Dkt. 116.*  He faces a statutory maximum sentence for the supervised release violations of 24 months, and his advisory sentencing guidelines for the offense are 33-41 months. *See*  18 U.S.C. §  3583(e)(3); USSG §  7B1.4(a). *Dkt. 96.*

The overarching goal of sentencing, as set forth by Congress, is for the Court to impose a sentence "sufficient, but not greater than necessary" to address the factors set out in 18 U.S.C. §  3553(a). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  Defendant York committed these charged violations less than one month after completing a 42-month prison sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  This violation is just the latest in 27-year history of crime by Mr. York that includes three prior felon in possession convictions, along with seven felony convictions for drug trafficking. *See Dkt. 44(* Probation Presentence Report (March 3, 2021).  York's criminal career began in 1998, when he was 18 years old. He was convicted that year alone of three misdemeanors and one felony offense. *See PSR ¶ 35, 36, 37, 38.*  He was convicted of a second felony a year later, grand theft from a person. *Id. ¶ 39.*  Since that time, and throughout his adult life, York has been arrested, but not convicted, at least 30 additional times. *PSR ¶ ¶ 54-85.*  Mr. York admitted prior to his sentencing in 2021 that he used heroin and methamphetamine regularly.  PSR ¶ 112, 113.

Given Mr. York's extensive criminal history, and the fact that the instant offense occurred less than a month after he was released from prison, the government believes a significant custodial sentence is warranted, both to reflect the seriousness of his conduct, and to deter further criminal conduct by Mr. York.  A sentence of 15 months, imposed after Mr. York has already served 16 months in state custody, will meet those goals.  But this sentence, including the imposition of a 21-month term of supervised release, will also give Mr. York, a 44-year-old who has spent much of his adult life in prison, the

opportunity, once he is released, to pursue drug counseling, to spend time with his young son, and to hopefully find gainful employment. *See Dkt. 17* (Defense Sentencing Recommendation).

As such, the government believes a sentence of 15 months is sufficient but not greater than necessary to address the factors in 18 U.S.C. 3553(a).

Dated: October 16, 2025

CRAIG H. MISSAKIAN
United States Attorney

___/s/ *David J. Ward*_____
DAVID J. WARD
Assistant United States Attorney